# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 4:15-CR-00161 |
| v. | § |
| | § |
| | § |
| RAY JUNIOR MCKINNEY (5) | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 1, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Marisa Miller.

Ray Junior McKinney was sentenced on January 11, 2017, before The Honorable Amos L. Mazzant, III, of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Pass Fictitious Obligations, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of II, was 1 to 7 months. Ray Junior McKinney was subsequently sentenced to Time Served followed by a 3-year term of supervised release. The term of supervised release is subject to the standard conditions of supervision, plus special conditions to include residential reentry placement; financial disclosure; no new credit; gambling prohibition; mental health treatment; and drug testing and treatment. On January 12, 2017, Ray Junior McKinney completed his period of imprisonment and began service of the supervision term.

On August 28, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 599, Sealed].  The Petition asserted that Defendant violated nine (9) conditions of supervision, as follows: (1) You must not commit another federal, state, or local crime; (2) You must not unlawfully possess a controlled substance; (3) You must refrain from any unlawful use of a controlled substance; (4) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (5) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer; (6) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours; (7) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing; (8) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged.  This includes taking any mental health medication as prescribed by your treating physician.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing; and (9) Any fine/restitution amount that remains unpaid when your supervision commences is to be paid on a monthly basis at a rate of at least 10% of your gross income, to be changed during supervision, if needed, based on your changed circumstances.

The Petition alleges that Defendant committed the following acts: (1) On June 19, 2018,

Ray Junior McKinney (McKinney) was convicted of Petty Larceny and sentenced to 6 months imprisonment. The imprisonment time was suspended. On August 16, 2018, Mr. McKinney was arrested for Robbery by the Sherman, Texas, Police Department; (2) and (3) Mr. McKinney admitted to methamphetamine use on or about March 16, 2018; April 16, 2018, and August 17, 2018; (4) Mr. McKinney failed to report as instructed (by the fifth day of every month) in August 2017, September 2017, October 2017, December 2017, January 2018, February 2018, March 2018, April 2018, June 2018, and August 2018; (5) Mr. McKinney traveled outside the Eastern District of Texas without an approved travel permit on or about November 5, 2017; January 15, 2018; March 3, 2018; April 7, 2018; and June 15, 2018; (6) Mr. McKinney failed to report his June 15, 2018 contact with Durant, Oklahoma, Police Department; (7) Mr. McKinney failed to submit a urinalysis at On Scene Drug Screens on the following dates: April 18, 2018; June 1, 2018; July 23, 2018; August 1, 2018; and August 10, 2018; (8) Mr. McKinney failed to attend mental health counseling on the following dates: June 13, 2018; June 27, 2018; June 29, 2018; and July 27, 2018; and was subsequently unsuccessfully discharged from treatment; (9) Mr. McKinney failed to make a restitution payment in the following months: April 2017, May 2017, June 2017, July 2017, August 2017, September 2017, October 2017, November 2017, December 2017, February 2018, April 2018, May 2018, June 2018, and July 2018.

      Prior to the Government putting on its case, Defendant entered a plea of true to all nine (9) allegations of the Petition. Having considered the Petition and the plea of true to all nine (9) allegations, the Court finds that Defendant did violate his conditions of supervised release.

      Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, followed by thirty (30) months of supervised release. All conditions previously imposed are hereby reimposed, except the condition requiring placement in a halfway house.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 12th day of October, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE